1

2

3

4

5

6

7

8       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10   ANTHONY JOSEPH PASCUZZI,

11                        Petitioner,              CASE NO. 3:20-CV-6135-JCC-DWC

12          v.                                     REPORT AND RECOMMENDATION

13   RON HAYNES,                                   Noting Date: May 7, 2021

14                        Respondent.

15

16          The District Court has referred this action to United States Magistrate Judge David W.

17   Christel. Petitioner filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging

18   his state court conviction. Dkt. 1, 9.[1] The Court concludes this Petition is second or successive

19   and recommends the Petition be dismissed without prejudice.

20

21   _____

22          [1] On January 12, 2021, the undersigned issued a Report and Recommendation ("R&R") recommending the
     Court dismiss this matter for failure to prosecute because Petitioner did not pay the filing fee or file a proper
     application for leave to proceed *in forma pauperis* in a timely manner. Dkt. 4. Later that day, Petitioner filed an
23   application for leave to proceed *in forma pauperis*. Dkt. 5. District Judge John Coughenour vacated the R&R (Dkt.
     4) and re-referred this matter to the undersigned. Dkt. 6. The same day, Petitioner filed objections to the vacated
     R&R. Dkt. 7. Petitioner paid the filing fee, and the undersigned directed service of the Petition. *See* Dkt. Entry dated
24   January 29, 2021; Dkt. 11.

## I.  Background

In 2011, Petitioner was convicted by jury verdict of two counts of first-degree child molestation and the state trial court imposed an indeterminate life sentence consisting of concurrent 200-month minimum terms and lifetime supervision on community custody. Dkt. 14, Exhibit 1. In 2018, Petitioner filed a federal habeas petition ("First Petition") in this Court seeking relief from his 2011 conviction. *See Pascuzzi v. Uttecht*, Case No. 18-5299-RJB-TLF. In the First Petition, Petitioner raised two grounds for relief: (1) the evidence presented at trial in support of his convictions was constitutionally insufficient and (2) his defense attorney provided ineffective assistance of counsel at trial. Dkt. 14, Ex. 10, at 9-21 (Ground One); *id*. at 23-40 (Ground Two). The court considered the First Petition, found it was untimely, and denied the First Petition with prejudice. *Id*. at Exhibit 11, 12, 13. Petitioner renewed his request for a certificate of appealability in the Ninth Circuit. Dkt. 14, Exhibit 14. On July 22, 2019, the Ninth Circuit denied the request. Dkt. 14, Exhibit 15.

On January 29, 2021, Petitioner filed this Petition ("Second Petition") alleging his 2011 conviction is invalid because the state court lacked jurisdiction and a grand jury did not issue an indictment to charge Petitioner. Dkt. 4 at 5-10. On March 11, 2021, Respondent filed his Answer arguing the Second Petition is second or successive. Dkt. 14. Petitioner did not file a traverse.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v.*

*Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district

court either considers and rejects the claims or determines that the underlying claim will not be

considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing

*Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990)). Dismissal of a first petition with

prejudice because of a procedural default that forecloses review by federal courts *is* an

adjudication on the merits. *McNabb*, 576 F.3d at 1029. Dismissal, for instance, of a first habeas

petition because it is untimely is a permanent bar to federal review of the underlying claims and

constitutes resolution on the merits. *Id.* at 1030. The Ninth Circuit also states "[a] habeas petition

is second or successive only if it raises claims that were or could have been adjudicated on the

merits." *McNabb*, 576 F.3d at 1029.

Petitioner filed his First Petition challenging the same first degree conviction challenged

in the Second Petition. The court denied the First Petition "on the merits," concluding the

Petition was time-barred, and the Ninth Circuit denied a certificate of appealability. *See McNabb*,

576 F.3d at 1029-1030; *Pascuzzi v. Uttecht*, Case No. C18-5299-RJB-TLF; Dkt. 14, Exhibit 11,

12, 13, 14, 15.

In the Second Petition, Petitioner alleges his 2011 conviction is invalid because the state

court lacked jurisdiction and a grand jury did not issue an indictment. Dkt. 9 at 5-10. Petitioner

was or could have been aware of the factual predicate of these claims when his conviction

became final and could have raised these claims in his First Petition. The claims, therefore, could

have been adjudicated on the merits in the First Petition. *See Cooper v. Calderon*, 274 F.3d 1270,

1273 (9th Cir. 2001) (finding a claim was "second or successive" when the petitioner was aware

of the factual predicate of the claim and could have raised the claim in his first petition).

1    As Petitioner's First Petition was denied on the merits and Petitioner was or could have

2    been aware of the claims asserted in the Second Petition prior to filing the First Petition, the

3    Second Petition is "second or successive."

4    Before a petitioner is allowed to file a second or successive petition, he must obtain an

5    order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C.

6    § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States

7    District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.

8    2008). A district court lacks jurisdiction to consider a second or successive petition in the

9    absence of an order from the Ninth Circuit authorizing the district court to consider the petition.

10   *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157

11   (2007). Here, there is no evidence Petitioner has received an order from the Ninth Circuit

12   authorizing this Court to consider the Second Petition. Thus, the Court lacks jurisdiction to

13   consider the Second Petition and it should be dismissed without prejudice. *See Magwood*, 561

14   U.S. at 331; *Cooper*, 274 F.3d at 1274.

15   **III.    Certificate of Appealability**

16   A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

17   court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

18   (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

19   may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

20   constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

21   that jurists of reason could disagree with the district court's resolution of his constitutional

22   claims or that jurists could conclude the issues presented are adequate to deserve encouragement

23

24

1 | to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,

2 | 529 U.S. 473, 484 (2000)).

3 |      Reasonable jurists would not find it debatable that the Second Petition should be

4 | dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a

5 | certificate of appealability with respect to the Second Petition.

6 | **IV.    Conclusion**

7 |      For the above stated reasons, the Court recommends the Second Petition (Dkt. 9) be

8 | dismissed without prejudice and the certificate of appealability be denied. If Petitioner wishes to

9 | file a second or successive petition in this Court, he must obtain an order from the Court of

10 | Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9

11 | of the Rules Governing Section 2254 Proceedings for the United States District Court.

12 |      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

14 | 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

15 | review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

16 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 7, 2021,

17 | as noted in the caption.

18 |      Dated this 20th day of April, 2021.

20 | David W. Christel
21 | United States Magistrate Judge